## James Brack, Appellee, v. B. F. Berry Coal Company, Appellant.

### Gen. No. 6,091. (Not to be reported in full.)

Appeal from the Circuit Court of Putnam county; the Hon. THEODORE N. GREEN; Judge, presiding. Heard in this court at the April term; 1915. Affirmed. Opinion filed October 20, 1915.

### Statement of the Case.

Action by James Brack, plaintiff, against B. F. Berry Coal Company, defendant, to recover for injuries to plaintiff by the fall of a rock in the roof of a mine of defendant while plaintiff was at work underneath said rock, as a servant of defendant. This is an appeal from the second trial of this case. On the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

first trial, plaintiff had verdict and judgment for $15,-
000 which was reversed in *Brack v. B. F. Berry Coal
Co.,* 187 Ill. App. 609, because an instruction for plain-
tiff was not sufficiently modified, and because an
instruction requested by defendant was improperly
refused, and because of a lack of certain necessary evi-
dence. On the present trial plaintiff had verdict and
judgment for $14,000, from which defendant appeals.

The substance of the charge in the declaration was
that the roof of the room in which plaintiff was mining
coal was in an unsafe and dangerous condition; that
plaintiff desired to use certain props, caps and tim-
ber to secure said roof; that defendant wilfully failed
to provide a supply of such props, etc., though proper
demand as provided by law had been made therefor;
and that because of such noncompliance with the pro-
visions of the law, the rock fell upon and injured
plaintiff.

For defendant it was contended that plaintiff had
plenty of suitable props at the time he was injured
and failed to use them, and that as defendant had
furnished, and there were in and near his room, plenty
of props for his use, the charge was not sustained;
and also that the damages are excessive. Complaint
was also made that the court erroneously refused to
admit in evidence rule 10 offered by defendant and
gave an erroneous instruction requested by plaintiff.

There was in the record evidence that the only props
in that vicinity accessible to plaintiff before his injury
were props that had been broken or were crooked and
unfit to be used, and that defendant had failed to
supply the needed props as demanded. Defendant con-
tended that as plaintiff supposed the stone above him
in the roof where he was at work would not fall, and
that it was safe for him to work under it, therefore, if
suitable props had been supplied, he would not have
used them, and therefore his injury was not due to
the failure to supply props. The proof showed that

the rock above had slightly slipped and plaintiff knew it before he went to work under it that morning, and that the distance for which it was unsupported was such that plaintiff and his buddy that morning wished to put props underneath it to prevent any danger of its falling, and that they did not put props there before working because they had none.

The court permitted proof that rules had been posted by defendant and permitted the rules to be produced in the court room, but refused to permit rule 10 to be read in evidence to the jury.

McDOUGALL, CHAPMAN & BAYNE, for appellant; MASTIN & SHERLOCK and GEORGE W. HUNT, of counsel.

DUNCAN & O'CONOR, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS, § 76*—*when evidence sufficient to show failure to supply props.* Evidence in an action by a miner to recover for injuries by the fall of rock in the roof of a mine of defendant while plaintiff was working in the mine in the employ of defendant, examined and *held* to show that there was a clear preponderance of evidence that the only props in the vicinity accessible to plaintiff were broken or crooked and unfit for use, and that defendant had failed to supply the needed props as demanded in accordance with the requirements of Hurd's Rev. St., ch. 93, art. 20.

2. MINES AND MINERALS, § 176*—*when evidence sufficient to support verdict for plaintiff.* Evidence in an action to recover for injuries to an employee by the fall of rock in a mine in which he was working, examined and *held* sufficient to support a verdict for plaintiff.

3. MINES AND MINERALS, § 168*—*when evidence of rule properly excluded.* In an action by a miner to recover for injuries by the fall of rock in the mine in which he was employed, evidence of a rule so framed as to permit the employer to wilfully violate the statutory regulations as to mines and yet give him a defense against

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

any miner injured by such wilful violation is properly excluded, such rule being void as against public policy.

4. APPEAL AND ERROR, § 1561*—*when omission in instruction cured by other instructions.* The fact that an element in a case is stated in brief form in an instruction is not ground for reversal where the element was fully stated in other instructions given at the request of the same party.

5. MINES AND MINERALS, § 195*—*when damages not excessive.* In an action by a miner to recover for injuries received by the fall of rock in a mine where the evidence shows that he was seriously injured; that his lower limbs and the lower part of his body were completely paralyzed; that he had no control over his bowels nor his bladder; that he suffered from great pain; that he was under constant treatment for a very long time; that he is a helpless cripple and permanently incapacitated for work and that at the time of the injury he was twenty years old and a strong healthy man, it cannot be said that $14,000 is an excessive award even though the maximum amount recoverable for his death would have been $10,000.